IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE BOEING COMPANY, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 09 C 2213, 12 C 2555 |
| v. | ) ) | Judge Robert W. Gettleman |
| INTERNATIONAL UNION, UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and its LOCALS 952 and 1558, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On September 16, 2009, this court enforced arbitration awards in favor of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") that ordered Boeing to pay back pay to workers it failed to treat as "laid-off" in a divestiture, in breach of its collective bargaining agreement ("CBA"). Boeing v. International Union 2009 WL 3027446 (N.D. Ill. 2009) ("Boeing I"). The Seventh Circuit affirmed this court's decision in Boeing v. International Union, 600 F. 3d 722, (7th Cir. 2010) ("Boeing II").[1]

After the Seventh Circuit's decision, the parties had several more skirmishes regarding remedies. These disputes were presented to the arbitrator, who issued an "Opinion and Second Supplemental Award" in April 10, 2010 (the "2010 Award"), and then a third Opinion and Third Supplemental Award on January 10, 2012 (the "2012 Award"). The 2012 Award, with which Boeing has refused to comply, requires Boeing, among other things not challenged, to pay as damages to bridge-eligible UAW members a monthly amount from Boeing equal to the monthly

---

[1] Boeing I and Boeing II both contained detailed descriptions of the underlying facts of the instant dispute. Familiarity with those facts is assumed and will not be repeated here.

amount the members should have received from the Boeing Plan had the employee taken early retirement, until that employee began to receive benefits from Spirit (the new company) upon retirement. At that time, Boeing is to offset its payment by the amount the employee receives from Spirit.

Boeing has refused to comply with that portion of the Arbitrator's 2012 Award because it believes that it is "justifiably concerned that its compliance . . . in the manner directed by the Arbitrator would serve to create a pension plan within the meaning of the Employee Retirement Security Act ("ERISA") and would violate ERISA as well as applicable Internal Revenue Service ("IRS") regulations. As a result of Boeing's refusal to comply, the UAW moved to enforce this court's prior judgment and to confirm the 2010 and 2012 Awards (Doc. 63). Boeing responded by opening a new action (Boeing v. International Union, 12 C 2555) by filing a "Motion to Vacate the Pension Benefits Portion of the Arbitrator's Third Supplemental Award" (Doc.1) and by moving to stay (Doc. 7) the instant proceeding until it received responses to its inquiries to the Department of Labor ("DOL") and the IRS, as to whether the manner in which the 2012 Award directs payments to be made establishes an ERISA Plan that violates ERISA and IRS tax qualification rules.[2] This court consolidated the two cases into the instant proceeding, denied Boeing's motion to stay, and ordered the parties to brief UAW's motion to enforce and confirm and Boeing's motion to vacate. The court has reviewed those briefs, and for the reasons described below, grants UAW's motion to enforce and confirm and denies Boeing's motion to vacate.

---

[2]The IRS has since informed Boeing that it would not issue a Private Letter Ruling because the situation is "hypothetical."

**DISCUSSION**

In the 2012 Award the arbitrator attempted to put the discharged employees as close as possible into the position they would have been in had Boeing treated them as "laid-off." For those employees who took jobs at Spirit, the arbitrator concluded that had Boeing treated them as laid-off they would have been entitled to lay-off related benefits including certain pension payments and retiree insurance. The arbitrator required Boeing to provide the insurance and to make periodic (monthly) payments measured by what each employee lost in monthly pension benefits. Thus, Boeing was ordered to pay to the employees working at Spirit monthly amounts equal to the amount of pension benefits they would have received from the Boeing Plans. Once such an employee leave Spirit, the Spirit Plan "kicks in" and Boeing is entitled to reduce its payment by the amount paid under the Spirit Plan, preventing a double recovery or "windfall" by the employee.

Boeing argues that by requiring it to pay "retirement income" in the form of periodic monthly payments, the award establishes an ERISA plan under <u>Fort Halifax Packing Co. Inc.v. Coyne</u>, 482 U.S. 1, 12 (1987), because it requires Boeing to implement "an ongoing administrative program for processing claims and paying benefits." Because, according to Boeing, the new "plan" will not be funded by a trust, it violates ERISA. 29 U.S.C. § 1103(a).

In <u>Fort Halifax,</u> the Court determined that a Maine statute requiring employers to provide one-time severance payments to employees in the event of a plant closing was not pre-empted by ERISA because the payment did not relate to any employee benefit plan, rejecting the employer's contention that any state law pertaining to any type of employee benefit listed in ERISA (such as a severance payment) necessarily regulates an employee benefit plan subject to

3

ERISA. Fort Halifax, 482 U.S. at 8-9. In reaching its conclusion, the Court noted that the words "benefit" and "plan" are used separately throughout the statute, and nowhere are they treated as equivalent of one another. Because under the preemption section of the statute only state laws that relate to an employee benefit plan are superceded, the Court then determined that the Maine statute was not preempted because it did not establish or require an employer to maintain an employee benefit plan. "The requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation. The employer assumes no responsibility to pay benefits on a regular basis, and thus faces no periodic demands on its assets that create a need for financial coordination and control." Id. at 12.

Using the above quoted language, Boeing argues that because it has been ordered to make monthly payments, the amounts of which may change over time, it is required to pay benefits on a regular basis and thus faces the periodic demands on its assets that creates the need for financial coordination and control that was absent in Fort Halifax. This argument misses the point. Even if Boeing is correct that the payment scheme devised by the Arbitrator could constitute a "plan" under Fort Halifax, and it is likely not correct,[3] it is not a plan for the payment of "benefits." As Fort Halifax made clear, to be covered by ERISA there must be payments of ERISA "benefits" by an employee benefit "plan." In Fort Halifax, the "severance payment" undoubtedly constituted a benefit under ERISA. Thus, Fort Halifax involved the payment of an ERISA benefit, but not pursuant to an ERISA plan. Even if Boeing is correct, the instant case

---

[3]As UAW points out, one of the key elements of an Employee Benefit Plan, the need for the plan administrator to exercise discretion, i.e., to make non-clerical judgment calls, is lacking. See Collins v. Ralston Purina Co., 147 F.3d 592, 597 (7th Cir. 1998). Boeing has no such discretionary calls to make. It must make simple arithmetical calculations of amounts owed, and any dispute is decided by the arbitrator.

would involve just the opposite – a payment made pursuant to a plan, but not payment of an Erisa benefit because the required payments constitute damages awarded to the employees to remedy Boeing's breach of the CBA.

Throughout its briefs Boeing calls the payments "pension payments" and "pension benefits," but repeating something like a mantra does not make it so. As the Seventh Circuit has already held, the arbitrator awarded damages for breach of the CBA measured by the amounts of benefits lost as a result of a breach. Boeing II, 600 F.3d at 725. Damages measured by lost benefits are not benefits governed by ERISA. Id., Rozzell v. Security Servs., Inc., 38 F.3d 819, 822 (5th Cir. 1994) (rejecting the argument that "any lawsuit in which reference to a benefit plan is necessary to compute plaintiff's damages is preempted by ERISA . . . .").

Boeing's argument that because the arbitration award requires payment of damages periodically based on promises to provide those payments upon retirement, it somehow turns an award of damages into payment of ERISA benefits is incorrect. Accepting Boeing's position would turn every order that awards damages based on lost benefits to be paid over time into an ERISA plan. That is simply wrong. Indeed, Boeing made virtually the same argument (in a slightly different context) to the Seventh Circuit, 600 F.3d 725-26 (emphasis in original):

> Boeing's reply brief summarizes the company's position as follows: the arbitrator 'award[ed] ERISA covered benefits as a remedy for a violation of a collective bargaining agreement <u>where the collective bargaining agreement expressly vests the administrator of the plan with the exclusive authority to decide benefit claims pursuant to ERISA's claims resolution regime</u>.' Not so. The arbitrator awarded what amount [sic]to damages for breach of contract <u>measured</u> by the benefits of which the breach deprived the workers, who were third-party beneficiaries of the collective bargaining contract.

Because the Arbitrator ordered payment of damages measured by the lost benefits, the periodic payment plan is not an employee benefit plan covered by ERISA. The UAW's motion

5

to enforce this court's prior judgment and to confirm arbitration awards (Doc. 63) is granted. Boeing's motion to vacate (Doc. 1, Case No. 12 C 2555) is denied.

## **CONCLUSION**

For the reasons discussed above, the UAW's motion to enforce prior judgment and to confirm arbitration awards (Doc. 63) is granted. Boeing's motion in Case No. 12 C 2555 to vacate (Doc. 1) is denied.

**ENTER:** June 19, 2012

_____
**Robert W. Gettleman**
**United States District Judge**